Filed 10/23/13  P. v. Allen CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>NICK ASHLEY ALLEN,<br><br>　　　Defendant and Appellant. | B248273<br><br>(Los Angeles County<br>Super. Ct. No. KA100861) |

　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Douglas Sortino, Judge.  Affirmed.

　　　Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　No appearance for Plaintiff and Respondent.

_____

In February 2013 Nick Ashley Allen was charged in an amended felony complaint with identity theft (Pen. Code, § 530.5, subd. (a))[1] and receiving stolen property (§ 496, subd. (a)) with special allegations he had suffered one prior serious or violent felony conviction within the meaning of the three strikes law (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d)) and had served one separate prison term for a felony (§ 667.5, subd. (b)). Represented by counsel, Allen pleaded not guilty and denied the special allegations.

On March 25, 2013 Allen waived his rights to a preliminary hearing and to a jury trial and entered a negotiated plea of no contest to identity theft with an admission of the prior strike allegation, orally and in writing, in return for an aggregate state prison sentence of four years and dismissal of the remaining count and special allegation. At the time he entered his plea, Allen was advised of his constitutional rights and the nature and consequences of the plea, which Allen stated he understood. Defense counsel joined in the waivers of Allen's constitutional rights. The trial court expressly found Allen's waivers and plea were voluntary, knowing and intelligent.

The trial court sentenced Allen to a four-year state prison term, consisting of the two-year middle term doubled under the three strikes law in accordance with the plea agreement. The court awarded Allen presentence custody credit of 101 days (51 actual days and 50 days of conduct credit). The court ordered Allen to pay a $40 court security fee, a $30 criminal conviction assessment and a $280 restitution fine. The court imposed and suspended a parole revocation fine pursuant to section 1202.45. The remaining count and special allegation were dismissed pursuant to the plea agreement.

Allen filed a timely notice of appeal on which he checked the preprinted box challenging "the validity of the plea or admission"; he claimed he was coerced into accepting the plea agreement and his counsel provided ineffective assistance. The trial court granted Allen's request for a certificate of probable cause without explanation and,

---

[1] Statutory references are to the Penal Code.

from our perspective, with no basis in the record.  We appointed counsel to represent Allen on appeal.

After examination of the record, counsel filed an opening brief in which no issues were raised.  On July 16, 2013 we advised Allen he had 30 days within which to personally submit any contentions or issues he wished us to consider.  We have received no response to date.

We have examined the entire record and are satisfied Allen's attorney has fully complied with the responsibilities of counsel and no arguable issue exists.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)  The record fails to support Allen's claim his plea was not knowing, voluntary and intelligent. The record also fails to demonstrate defense counsel provided ineffective assistance at any time during the proceedings in the trial court.  (*Strickland v. Washington* (1984) 466 U.S. 668, 686 [104 S.Ct. 2052, 80 L.Ed.2d 674].)

The judgment is affirmed.


PERLUSS, P. J.

We concur:


ZELON, J.


SEGAL, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3